UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION


| | | |
|---|---|---|
| JEAN POULARD, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:16-cv-00115-PPS-JEM |
| | ) | |
| vs. | ) | |
| | ) | |
| THE TRUSTEES OF INDIANA | ) | |
| UNIVERSITY, d/b/a INDIANA | ) | |
| UNIVERSITY and INDIANA UNIVERSITY | ) | |
| NORTHWEST; | ) | |
| WILLIAM J. LOWE, individually and in his | ) | |
| official capacity as Chancellor of Indiana University | ) | |
| Northwest; MARK MCPHAIL, individually and in | ) | |
| his official capacity as Executive Vice Chancellor | ) | |
| for Academic Affairs  of Indiana University | ) | |
| Northwest; IDA GILLIS, individually and in her | ) | |
| official capacity as Director of Affirmative Action | ) | |
| and Employment Practices and Title  IX Deputy | ) | |
| Coordinator of Indiana University Northwest; and | ) | |
| GIANLUCA DI MUZIO, individually and in his | ) | |
| official capacity as Associate Professor and former | ) | |
| Chair of the Department of History, Philosophy, | ) | |
| Political Science, and Religious Studies at | ) | |
| Indiana University Northwest, | ) | |
| | ) | |
| Defendants. | ) | |


**DEFENDANTS' ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant The Trustees of Indiana University d/b/a Indiana University, Indiana University Northwest (the "University"), and defendants William J. Lowe, in his official and individual capacities, Mark McPhail, in his official and individual capacities, Ida Gillis, in her official and individual capacities, and Gianluca Di Muzio, in his  official  and  individual

capacities (collectively, the "Defendants") submit their response to the Complaint for Damages and Declaratory Judgment ("Complaint") filed by plaintiff Jean Poulard ("Plaintiff"). For ease of reference, Plaintiff's allegations are set forth verbatim with Defendants' responses following each allegation.

## ANSWER

## THE PARTIES

1.  At all times mentioned herein, Dr. Jean Poulard, was employed by Indiana University Northwest Campus ("IU Northwest") in the Department of History, Philosophy, Political Science and Religious Studies, located at 3400 Broadway, Gary, Indiana, and was at all times mentioned herein a tenured professor of political science.

**Response:** Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.  At all times relevant herein, IU Northwest was a state agency and duly organized institution of higher learning operating at a so-called extension campus with an address of 3400 Broadway, Gary, Indiana, in Lake County, Indiana, with its Board of Trustees operating as the body politic of IU Northwest.

**Response:** Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.  At all times mentioned herein, William Lowe, was a state actor employed by IU Northwest as its chancellor, located at 3400 Broadway, Gary, Indiana, in Lake County, Indiana.

**Response:** Defendants admit that William Lowe ("Lowe") is employed by the University as its chancellor and that Indiana University Northwest ("IU Northwest") is located at 3400 Broadway, Gary, Indiana, in Lake County, Indiana. Defendants deny the remaining allegations contained in paragraph 3 of the Complaint.

4. At all times mentioned herein, Mark McPhail, was a state actor employed by IU Northwest as its Executive Vice Chancellor for Academic Affairs, located at 3400 Broadway, Gary, Indiana, in Lake County, Indiana.

**Response:** Defendants admit that Mark McPhail ("McPhail") is employed by the University as the Executive Vice Chancellor for Academic Affairs for IU Northwest, located at 3400 Broadway, Gary, Indiana, in Lake County, Indiana. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5. At all times mentioned herein, Ida Gillis, was state actor employed by IU Northwest as its Director of Affirmative Action and Employment Practices and Title IX Deputy Coordinator, located at 3400 Broadway, Gary, Indiana, in Lake County, Indiana.

**Response:** Defendants admit that Ida Gillis ("Gillis") is employed by the University as the Director of Affirmative Action and Employment Practices and Title IX Deputy Coordinator for IU Northwest, located at 3400 Broadway, Gary, Indiana, in Lake County, Indiana. Defendants deny the remaining allegations contained in paragraph 5 of the Complaint.

6. At all times mentioned herein, Gianluca Di Muzio, associate professor and former Chair of the Department of History, Philosophy, Political Science, and Religious Studies, a was [sic] state actor employed by IU Northwest, located at 3400 Broadway, Gary, Indiana, in Lake County, Indiana.

**Response:** Defendants admit that Gianluca Di Muzio ("Di Muzio") is employed by the University as an associate professor at IU Northwest. Defendants further admit that from the fall of 2010 through the summer of 2015 Di Muzio was the Chair of the Department of History, Philosophy, Political Science, and Religious Studies at IU Northwest, located at 3400 Broadway,

Gary, Indiana, in Lake County, Indiana. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.     At all times relevant herein, Defendants Lowe, McPhail, Gillis, and Di Muzio acted in both their individual capacities as a private citizen, and in their official capacities as professor and/or administrator of IU Northwest.

**Response:**  Paragraph 7 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiff has brought this action against Lowe, McPhail, Gillis, and Di Muzio in their individual capacities as private citizens and in their official capacities as professors and/or administrators of IU Northwest. Defendants deny the remaining allegations contained in paragraph 7.

## GENERAL ALLEGATIONS

8.     That Plaintiff herein reaffirms and realleges paragraphs 1 through 7 of this Complaint.

**Response:**  Defendants incorporate their responses to the allegations contained in paragraphs 1 through 7 of the Complaint.

9.     Upon information and belief, Di Muzio filed a complaint against Dr. Jean Poulard, alleging violations of the University Sexual Misconduct Policy and the Code of Academic Ethics sometime during the summer of 2015.

**Response:**  Defendants admit that Di Muzio filed a complaint against Plaintiff and that the complaint speaks for itself. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10.     Upon information and belief, Di Muzio complained that, among other things, Poulard violated IU Northwest's policies by making racist and sexist speech.

**Response:** Defendants admit that Di Muzio filed a complaint against Plaintiff and that the complaint speaks for itself. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11. To date, Poulard has not received copies of Di Muzio's complaint.

**Response:** Defendants admit that they have not provided Plaintiff with an actual copy of Di Muzio's complaint, but deny that Plaintiff was not made fully aware of the allegations contained in the complaint.

12. Gillis was assigned to investigate Di Muzio's allegations against Poulard during the summer of 2015 on IU Northwest's behalf.

**Response:** Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. On July 14, 2015, Gillis contacted Poulard by phone to request that he come to her office on July 15, 2015.

**Response:** Defendants admit that Gillis contacted Plaintiff by phone to request that he come to her office, but deny the remaining allegations contained in paragraph 13 of the Complaint.

14. Gillis did not inform Poulard of the precise purpose of her proposed meeting on July 14, 2015.

**Response:** Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Gillis did not inform Poulard of the seriousness of the allegations against him or the breadth of IU Northwest's investigation, and instead merely demanded that Poulard come to her office.

**Response:** Defendants admit that Gillis requested that Plaintiff come to her office, but deny the remaining allegations contained in paragraph 15 of the Complaint.

16.     Poulard declined to meet Gillis on July 15, 2015, but informed Gillis that he did intend to meet with her to discuss the allegations against him, and that he wished to do so in the company of his attorney.

**Response:**  Defendants admit that Plaintiff declined to meet Gillis.  Defendants further admit that Plaintiff informed Gillis that if he met with her he would like his attorney to be present.  Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17.     Poulard also requested that Gillis provide him with information regarding the complaining students and copies of the complaints filed against him prior to their meeting, and identified a number of students that Gillis could interview in his defense.

**Response:**   Defendants admit that Plaintiff requested that Gillis provide him with information regarding the complaining students and copies of the complaints filed against him. Defendants further admit that Plaintiff identified students that Gillis could interview.  Defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     On August 5, 2015, Gillis responded to Poulard to inform him that IU Northwest's policy prohibited him from having an attorney present during their meeting, and stated that his attorney was required to wait in the lobby during the meeting if his attorney attended.  This information was false.

**Response:**  Defendants admit that Gillis responded to Plaintiff on August 5, 2015 and informed him that his attorney could not attend the meeting between Gillis and Plaintiff. Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19.     Despite responding to Poulard on August 5, 2015, Gillis did not contact Poulard again to schedule a meeting with him as he requested.

**Response:**  Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.    Gillis never contacted any of the students that Poulard identified for an interview.

**Response:**  Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.    Gillis did not provide Poulard with any of the information that he requested, or notify him in a timely manner of any of the evidence she collected or any of the allegations against him.

**Response:**  Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.    On November 2, 2015, Vice Chancellor McPhail issued a letter sanctioning Poulard for violating Indiana University's Sexual Misconduct Policy and Code of Academic Ethics.

**Response:**  Defendants admit that McPhail sent Plaintiff a letter on November 2, 2015 and that the November 2, 2015 letter speaks for itself.  Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23.    McPhail's November 2, 2015 letter stated that this sanction was premised upon a report created by Gillis pursuant to her investigation of Poulard.

**Response:**  Defendants admit that McPhail sent Plaintiff a letter on November 2, 2015 and that the November 2, 2015 letter speaks for itself.  Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.    To date, Poulard has not received a copy of Gillis's report, or any of the evidence collected by Gillis during her investigation.

**Response:**  Defendants admit that they have not provided Plaintiff with an actual copy of Di Muzio's complaint, but deny that Plaintiff was not made fully aware of the allegations contained in the complaint.

25.     McPhail's November 2, 2015 letter falsely claims that Poulard refused to participate in the investigation when approached by Gillis.

**Response:**  Defendants admit that McPhail sent Plaintiff a letter on November 2, 2015 and that the November 2, 2015 letter speaks for itself.  Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     McPhail's November 2, 2015 letter formally reprimanded Poulard, suspended him from his teaching position without pay for the spring semester of 2016, and required him to participate in two seminars entitled "Indiana University's Sexual Misconduct Training" and "Working with Under-Served Populations."

**Response:**  Defendants admit that McPhail sent Plaintiff a letter on November 2, 2015 and that the November 2, 2015 letter speaks for itself.  Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27.     On November 11, 2015, Poulard appealed McPhail's findings to the Faculty Board of Review.

**Response:**  Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Just prior to Poulard's December 9, 2015 hearing before the Faculty Board of Review, Poulard conferred with general counsel of IU Northwest regarding the status of Poulard's appeal.

**Response:**     Defendants admit that Plaintiff's attorney communicated with IU Northwest's general counsel on or around December 9, 2015.  Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29.     During this conference, IU Northwest's general counsel represented to Poulard that his attorney need not be present at the December 9, 2015 hearing, because it was not a full

hearing on the merits of his appeal, and that an additional hearing would occur on the merits at a later date.

**Response:** Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. IU Northwest's representations were untrue, as the December 9, 2015 Faculty Board of Review hearing was a full hearing on the merits of Poulard's appeal.

**Response:** Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. As a result, Poulard was deprived of the company of his attorney during the December 9, 2015 hearing.

**Response:** Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. IU Northwest's efforts have denied Poulard access to his attorney twice during critical moments of IU's investigation, despite Poulard informing IU's investigators that he desired an attorney.

**Response:** Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. On December 18, 2015, the Faculty Board of Review found that IU Northwest's investigation was procedurally flawed because Gillis told Poulard that he was not allowed to attend his meeting with her in the company of his attorney.

**Response:** Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. McPhail notified Poulard on December 21, 2015 that he would be given an additional opportunity to meet with Gillis with his attorney present.

**Response:** Defendants admit the allegations contained in paragraph 34 of the Complaint.

35. On December 29, 2015, Poulard wrote to IU Northwest's general counsel to notify her that he intended to accept McPhail's offer and meet with Gillis.

**Response:** Defendants admit that Plaintiff sent a letter dated December 29, 2015 to the University's general counsel and that the December 29, 2015 letter speaks for itself. Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36.     In his December 29, 2015 letter, Poulard requested that IU Northwest set aside the factual findings and sanctions from the earlier investigation pending the results of Poulard's meeting with IU Northwest's investigator.

**Response:** Defendants admit that Plaintiff sent a letter dated December 29, 2015 to the University's general counsel and that the December 29, 2015 letter speaks for itself. Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37.     Poulard also requested in his December 29, 2015 letter that IU Northwest replace Gillis and McPhail with different administrators to oversee the remainder of his investigation.

**Response:** Defendants admit that Plaintiff sent a letter dated December 29, 2015 to the University's general counsel and that the December 29, 2015 letter speaks for itself. Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38.     IU Northwest responded on December 30, 2015, and refused to set aside Poulard's sanctions or replace Gillis and McPhail.

**Response:** Defendants admit that IU Northwest sent a letter dated December 30, 2015 to the Plaintiff and that the letter speaks for itself. Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39.     Notwithstanding the procedural dispute between IU Northwest and Poulard, Poulard agreed to meet with Gillis on January 6, 2015.

**Response:** Defendants admit that Plaintiff agreed to meet with Gillis on January 6, 2016, but deny the remaining allegations contained in paragraph 39 of the Complaint.

40.    On January 5, 2016, IU Northwest provided Poulard with a perfunctory summary of the allegations against him.

**Response:**  Defendants admit that on January 5, 2016, IU Northwest provided Plaintiff with a summary of the allegations against him, but deny the remaining allegations contained in paragraph 40 of the Complaint.

41.    This is the first time that Poulard was ever notified of any of the allegations at issue in IU Northwest's investigation.

**Response:**  Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.    IU Northwest's summary of the allegations against Poulard were so factually insufficient that Poulard was unable to respond in a meaningful way or defend himself.

**Response:**  Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    On the morning of January 6, 2016, Poulard contacted IU Northwest to contest the sufficiency of these allegations, and to request that IU Northwest provide him with more detailed notice of the allegations at issue.

**Response:**  Defendants admit that Plaintiff's counsel contacted IU Northwest regarding the investigation.  Defendants deny the remaining allegations contained in paragraph 43 of the Complaint.

44.    IU Northwest refused Poulard's request.

**Response:**  Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.    Despite these issues, Poulard met with Gillis in the afternoon of January 6, 2016.

**Response:**  Defendants admit that Plaintiff and Gillis met in the afternoon on January 6, 2016, but deny the remaining allegations contained in paragraph 45 of the Complaint.

46.     On January 8, 2016, McPhail notified Poulard that no alteration to IU Northwest's November 2, 2015 sanction would be made.

**Response:**  Defendants admit that McPhail sent Plaintiff an email on January 8, 2016, and that the January 8, 2016 email speaks for itself.  Defendants deny the remaining allegations contained in paragraph 46 of the Complaint.

47.     Poulard's meeting with Gillis on January 6, 2016, and the subsequent determination not to alter IU Northwest's November 2, 2015 administrative action against him constituted a sham proceeding conducted simply to hide the mishandling of IU Northwest's initial investigation.

**Response:**  Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Poulard has exhausted all administrative remedies by appealing the determinations of Gillis and McPhail to the Faculty Board of Review.

**Response:**  Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Poulard submitted records requests pursuant to the Indiana Access to Public Records Act to the Office of Vice President and General Counsel.

**Response:**  Defendants admit the allegations contained in paragraph 49 of the Complaint.

50.     An employee of the Office of Vice President and General Counsel contacted Poulard to request that he narrow the scope of his records requests, and he obliged.

**Response:**  Defendants admit that an employee of the Office of the Vice President and General Counsel contacted Plaintiff to request that he narrow the scope of his records requests pursuant to Ind. Code § 5-14-3-3, but deny the remaining allegations contained in paragraph 50 of the Complaint.

51.     To date, Poulard has not received any records responsive to his records request from the office of the Vice President and General Counsel.

**Response:**  Defendants admit the allegations contained in paragraph 51 of the Complaint.

## COUNT I

### (I.C. § 5-14-3-9)

### (Compelling Production of Public Records)

COMES NOW Plaintiff, Dr. Jean Poulard, by counsel, Edward W. Hearn of JOHNSON & BELL, P.C. and for Count I of his Complaint for Declaratory Judgment alleges against Defendants, and each of them, and states the following:

52.     That Plaintiff herein reaffirms and realleges paragraphs 1 through 51 of this Complaint.

**Response:**  Defendants incorporate their responses to the allegations contained in paragraphs 1 through 51 of the Complaint.

53.     Poulard submitted several public records requests to IU's office of Office of Vice President and General Counsel in accordance with IU policy.

**Response:**  Defendants admit that Plaintiff submitted public records requests to IU's Office of the Vice President and General Counsel, but deny the remaining allegations contained in paragraph 53 of the Complaint.

54.     After acknowledging receipt of Poulard's requests, the Office of the Vice President and General Counsel provided pretextual reasons not to provide Poulard with the documents he sought in response to a number of his record requests.

**Response:** Defendants admit that the Office of the Vice President and General Counsel acknowledged receipt of Plaintiff's requests, but deny the remaining allegations contained in paragraph 54 of the Complaint.

55.     Further, the Office of the Vice President and General Counsel simply did not respond to several [sic] Poulard's requests, resulting in a constructive denial.

**Response:** Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     IU's denial of Poulard's record requests was legally improper.

**Response:** Paragraph 56 of the Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 56 of the Complaint.

**WHEREFORE**, the Plaintiff prays that this Court enter a judgment finding and declaring the following:

a.     That IU be compelled to produce the records request by Dr. Jean Poulard.

b.     That this Court grant Dr. Jean Poulard reasonable attorney's fees and such other and further relief as it deems just and proper under the circumstances.

**Response:** Defendants admit that Plaintiff is seeking a declaratory judgment and other and further relief, but deny that Plaintiff is entitled to any such judgment or relief.

## COUNT II

### (Declaratory Judgment)

COMES NOW Plaintiff, Dr. Jean Poulard, by counsel, Edward W. Hearn of JOHNSON & BELL, P.C. and for Count II of his Complaint for Declaratory Judgment alleges against Defendants, and each of them, and states the following:

57.     That Plaintiff herein reaffirms and realleges paragraphs 1 through 56 of this Complaint.

**Response:**   Defendants incorporate their responses to the allegations contained in paragraphs 1 through 56 of the Complaint.

58.     Plaintiff requests a judicial determination that Plaintiff did not violate IU Northwest Sexual Misconduct Policy and Code of Academic Ethics, as was found by IU Northwest, because IU Northwest's policies were unconstitutional.

**Response:**   Defendants admit that Plaintiff is seeking a judicial determination, but deny the remaining allegations contained in paragraph 58 of the Complaint.

59.     IU Northwest's Policy fails to provide clear standards as to what conduct constitutes "sexual harassment" and "discriminatory harassment."

**Response:**   Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Further, IU Northwest's policies fail to set forth a clear procedure under which investigations must proceed.

**Response:**   Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Due process requires that a state enactment be held void for vagueness if the prohibitive terms are not clearly defined, such that a person of ordinary intelligence can readily identify the applicable standard for inclusion and exclusion.

**Response:**   Paragraph 61 of the Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     The failure of IU Northwest's Sexual Misconduct Policy to define the applicable standard or definition of sexual harassment and discriminatory harassment violates due process and is therefore unconstitutional.

**Response:**  Paragraph 62 of the Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Further, IU Northwest's Sexual Misconduct Policy is unconstitutionally overbroad as applied to Poulard, as it was used to punish Poulard for constitutionally protected speech.

**Response:**  Paragraph 63 of the Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Plaintiff's conduct that Defendants determined was "sexual harassment" and/or "discriminatory harassment" under IU Northwest's Policy, was protected speech, and therefore IU Northwest's policy is unconstitutional as applied to Plaintiff.

**Response:**  Paragraph 64 of the Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Plaintiff requests a judicial determination that IU Northwest's policy is unconstitutional, as it violates the principles of Due Process and Freedom of Speech under the United States Constitution and Indiana Constitution.

**Response:**  Defendants admit that Plaintiff is requesting a judicial determination.  The remaining allegations contained in paragraph 65 of the Complaint contain legal conclusions to

which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations contained in paragraph 65 of the Complaint.

66. Plaintiff has no adequate remedy at law.

**Response:** Paragraph 66 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 66 of the Complaint.

**WHEREFORE**, the Plaintiff prays that this Court enter judgment finding and declaring the following:

c. That Dr. Jean Poulard did not violate IU Northwest Sexual Misconduct Policy or Code of Academic Ethics as found by IU Northwest.

d. That IU Northwest's disciplinary policies violate the principles of due process.

e. That IU Northwest's disciplinary policies are unconstitutional and chill the exercise of free speech as protected by the First Amendment and Ind. Const. Art. 1, § 9.

f. That this Court grant Dr. Jean Poulard such other and further relief as it deems just and proper under the circumstances.

**Response:** Defendants admit that Plaintiff is seeking a declaratory judgment and other and further relief, but deny that Plaintiff is entitled to any such judgment or relief.

## COUNT III

### (Breach of Contract)

COMES NOW Plaintiff, Dr. Jean Poulard, by counsel, Edward W. Hearn of JOHNSON & BELL, P.C. and for Count III of his Complaint for Damages alleges against Defendants, and each of them, and states the following:

67. That Plaintiff herein reaffirms and realleges paragraphs 1 through 66 of this Complaint.

**Response:** Defendants incorporate their responses to the allegations contained in paragraphs 1 through 66 of the Complaint.

68. Plaintiff is a tenured faculty member at IU Northwest, and as such signed an employment contract with IU Northwest at the time he was granted tenure.

**Response:** Defendants admit that Plaintiff is a tenured faculty member at IU Northwest, but deny the remaining allegations contained in paragraph 68 of the Complaint.

69. IU Northwest's Academic Handbook, Sexual Misconduct Policy and Code of Academic Ethics are incorporated into Poulard's employment contract with IU Northwest.

**Response:** Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. IU Northwest has failed to adhere to the terms of its own policies as set forth in the Academic Handbook, the Sexual Misconduct Policy and the Code of Academic Ethics, and incorporated into Poulard's employment contract.

**Response:** Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. By failing to adhere to these terms, IU Northwest's actions constitute a material breach of Poulard's employment contract with IU Northwest.

**Response:** Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     As a direct and proximate result, Poulard suffered and will continue to suffer damages, including but not limited to deprivation of his employment with IU, severe emotional distress, humiliation, embarrassment and damage to his personal and professional reputation.

**Response:**  Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     As a proximate result of the conduct of Defendants, Plaintiff was required to retain the undersigned attorney to defend him against the false and unfounded allegations of Defendants and is obligated to pay attorneys a reasonable fee for their services.

**Response:**  Defendants deny the allegations contained in paragraph 73 of the Complaint.

**WHEREFORE**, Plaintiff, by counsel, Johnson & Bell, P.C., requests judgment of the Court in favor of the Plaintiff and against the Defendants consisting of all injunctive relief, compensatory damages, and punitive damages, as well as attorney's fees and costs so allowed, and further requests all other just and proper relief to which he is entitled.

**Response:**  Defendants admit that Plaintiff requests relief, but denies that Plaintiff is entitled to any such relief.

## COUNT IV

**(42 U.S.C. § 1983 Claim)**

**(Deprivation of Due Process)**

COMES NOW the Plaintiff, Dr. Jean Poulard, by counsel, Edward W. Hearn of JOHNSON & BELL, P.C. and for Count IV of his Complaint for Damages alleges against Defendants, and each of them, and states the following:

74.     That Plaintiff herein reaffirms and realleges paragraphs 1 through 73 of this Complaint.

**Response:**  Defendants incorporate their responses to the allegations contained in paragraphs 1 through 73 of the Complaint.

75.    IU Northwest's Sexual Misconduct Policy and Code of Academic Ethics are unconstitutionally vague and overbroad as applied to Poulard, allowing Defendants ample opportunity to enforce the policies in an ad hoc, arbitrary, and discriminatory manner.

**Response:**  Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.    IU Northwest has no legitimate reason that it can justify its vague policies.

**Response:**  Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.    IU Northwest has deprived Poulard of sufficient notice of the allegations against him in violation of the mandates of due process.

**Response:**  Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.    IU Northwest has deprived Poulard of a meaningful opportunity to be heard in violation of the mandates of due process.

**Response:**  Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.    Defendants have deprived Poulard of his employment at IU Northwest for the spring semester of 2016 without following procedures that satisfy the minimum requirements of due process.

**Response:**  Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.    IU Northwest's policies and Defendants' enforcement thereof, violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**Response:**  Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.    Defendants' conduct has violated the principles of due process by depriving Poulard of his employment at IU Northwest, damaging Poulard's reputation, and causing Poulard

great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses, and other consequential damages.

**Response:** Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants' actions were intentional, willful, and malicious and/or in reckless disregard to Plaintiff's rights as secured by 42 U.S.C. §1983, as amended by the Civil Rights Act of 1991, in violation of the United States Constitution as applicable to the states by the Fourteenth Amendment.

**Response:** Defendants deny the allegations contained in paragraph 82 of the Complaint.

**WHEREFORE**, Plaintiff, by counsel, Johnson & Bell, P.C., requests judgment of the Court in favor of the Plaintiff and against the Defendants consisting of all injunctive relief, compensatory damages, and punitive damages, as well as attorney's fees and costs so allowed, and further requests all other just and proper relief to which he is entitled.

**Response:** Defendants admit that Plaintiff is requesting relief, but deny that Plaintiff is entitled to any such relief.

## COUNT V

### (42 U.S.C. § 1983 Claim)

### (Violation of First Amendment)

COMES NOW the Plaintiff, Dr. Jean Poulard, by counsel, Edward W. Hearn of JOHNSON & BELL, P.C. and for Count V of his Complaint for Damages alleges against Defendants, and each of them, and states the following:

83. That Plaintiff herein reaffirms and realleges paragraphs 1 through 82 of this Complaint.

**Response:** Defendants incorporate their responses to the allegations contained in paragraphs 1 through 82 of the Complaint.

84. The subject of IU Northwest's investigation was premised upon speech imputed to Poulard.

**Response:** Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Poulard's alleged speech is protected speech under the First Amendment of the United States Constitution.

**Response:** Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. IU Northwest's sanction of Poulard in retaliation for his protected speech is improper and violates his First Amendment rights.

**Response:** Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. IU Northwest's policies are unconstitutional as-written and/or as-applied because they are: vague and overbroad; discriminate against speech because of its content; discriminate against speech on the basis of the speaker's viewpoint; restrain the constitutionally protected speech in advance of its expression, without appropriate guidelines or standards to guide the discretion of officials charged with enforcing the policies; chill the free speech of Plaintiff and other citizens; allow the exercise of unbridled discretion; lack narrow tailoring, fail to achieve any legitimate government purpose, and fail to leave open alternative avenues for expression; and improperly prohibit speech because it is not liked or considered an annoyance by others.

**Response:** Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. IU Northwest's polices, and their application to Poulard, violate the Free Speech Clause of the First Amendment, made applicable to the states through the Fourteenth Amendment.

**Response:** Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants' conduct has chilled Poulard's speech, deprived him of his employment as a faculty member at IU Northwest, and caused him great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses, and other consequential damages.

**Response:** Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants' actions were intentional, willful, and malicious and/or in reckless disregard to Poulard's rights as secured by U.S.C. § 1983, as amended by the Civil Rights Act of 1991, in violation of the United States Constitution as applicable to the states by the Fourteenth Amendment.

**Response:** Defendants deny the allegations contained in paragraph 90 of the Complaint.

**WHEREFORE**, Plaintiff, by counsel, Johnson & Bell, P.C., requests judgment of the Court in favor of the Plaintiff and against the Defendants consisting of all injunctive relief, compensatory damages, and punitive damages, as well as attorney's fees and costs so allowed, and further requests all other just and proper relief to which he is entitled.

**Response:** Defendants admit that Plaintiff is requesting relief, but deny that Plaintiff is entitled to any such relief.

## COUNT VI

### (Ind. Const. Art. 1 § 9)

### (Violation of Free Speech and Writing)

COMES NOW the Plaintiff, Dr. Jean Poulard, by counsel, Edward W. Hearn of JOHNSON & BELL, P.C. and for Count VI of his Complaint for Damages alleges against Defendants, and each of them, and states the following:

91.     That Plaintiff herein reaffirms and realleges paragraphs 1 through 90 of this Complaint.

**Response:**     Defendants incorporate their responses to the allegations contained in paragraphs 1 through 90 of the Complaint.

92.     The subject of IU Northwest's investigation was premised upon speech imputed to Poulard.

**Response:**  Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Poulard's alleged speech is protected political speech under Ind. Const. Art. 1, § 9.

**Response:**  Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     IU Northwest's sanction of Poulard in retaliation for this speech is improper and violates his rights under Ind. Const. Art. 1, § 9.

**Response:**  Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     IU Northwest's policies are unconstitutional under the Indiana Constitution as-written and/or as-applied because they are: vague and overbroad; discriminate against speech because of its content; discriminate against speech on the basis of the speaker's viewpoint; restrain the constitutionally protected speech in advance of its expression, without appropriate guidelines or standards to guide the discretion of officials charged with enforcing the policies; chill the free speech of Plaintiff and other citizens; allow the exercise of unbridled discretion; lack narrow tailoring, fail to achieve any legitimate government purpose, and fail to leave open alternative avenues for expression; and improperly prohibit speech because it is not liked or considered an annoyance by others.

**Response:**  Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     IU Northwest's polices, and their application to Poulard violate the Free Speech Clause of the Indiana Constitution set forth in Ind. Const. Art. 1, § 9.

**Response:**  Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.     Defendants' retaliatory conduct has chilled Poulard's speech, deprived him of his employment as a faculty member at IU Northwest, and caused him great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses, and other consequential damages.

**Response:**  Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.     Defendants' actions were intentional, willful, and malicious and/or in reckless disregard to Poulard's rights as secured by the Indiana Constitution under Ind. Const. Art. 1, § 9.

**Response:**  Defendants deny the allegations contained in paragraph 98 of the Complaint.

**WHEREFORE**, Plaintiff, by counsel, Johnson & Bell, P.C., requests judgment of the Court in favor of the Plaintiff and against the Defendants consisting of all injunctive relief, compensatory damages, and punitive damages, as well as attorney's fees and costs so allowed, and further requests all other just and proper relief to which he is entitled.

**Response:**  Defendants admit that Plaintiff is requesting relief, but deny that Plaintiff is entitled to any such relief.

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jean Poulard, and demands trial by jury for all issues so triable.

**Response:**  Defendants admit that Plaintiff requests a jury trial but deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1. Plaintiff fails to state a claim against Defendants, in whole or in part, upon which relief can be granted.

2. By failing to seek an opinion from the public access counselor, Plaintiff failed to exhaust his administrative remedies pursuant to the Indiana Access to Public Records Act and is not entitled to attorney's fees.

3. Any acts or omissions of Defendants were not a proximate cause of Plaintiff's injuries.

4. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by Plaintiff's failure to mitigate his damages.

5. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by the doctrines of estoppel, waiver, laches, and/or unclean hands.

6. Defendants William J. Lowe, Mark McPhail, Ida Gillis, and Gianluca Di Muzio, in their individual capacities, are entitled to qualified immunity.

7. Defendants William J. Lowe, Mark McPhail, Ida Gillis, Gianluca Di Muzio, in their official capacities, and the University are not "persons" under 42 U.S.C. § 1983.

8. Plaintiff's claims against the University and Defendants William J. Lowe, Mark McPhail, Ida Gillis, and Gianluca Di Muzio, in their official capacities are barred, in whole or in part, by the 11th Amendment.

9. Plaintiff's claims are barred in whole or in part by the Indiana Tort Claims Act.

10. Subject to reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are time-barred.

11.     Plaintiff's claims and damages are limited or barred by the U.S. Constitution, Indiana Constitution, and/or federal and state statutes.

12.     If a contract is found to exist, Plaintiff's prior breach bars recovery.

13.     To the extent Plaintiff is pursuing a claim for punitive damages, that claim is barred or otherwise limited because the University cannot be held vicariously liable for any employment decisions of its management employees that are contrary to the University's good faith efforts to comply with applicable federal and state law.

14.     To the extent Plaintiff is pursuing a claim for punitive damages, that claim is barred or otherwise limited by the U.S. Constitution, federal statute, the Indiana Constitution, and/or the Indiana Tort Reform Act.

15.     Defendants reserve the right to supplement or amend their affirmative defenses.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiff, plus costs of this action and all other just and proper relief.

Respectfully submitted,

/s/ Michael C. Terrell
Michael C. Terrell, Atty. No. 2124-49
Michele L. Richey, Atty. No. 28748-49
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
P:  (317) 713-3500
F:  (317) 713-3699
mterrell@taftlaw.com
mrichey@taftlaw.com

*Counsel for Defendants, The Trustees of Indiana University, d/b/a Indiana University, Indiana University Northwest, William J. Lowe, Mark McPhail, Ida Gillis, and Gianluca di Muzio*

## CERTIFICATE OF SERVICE

I certify that on April 18, 2016, I caused the foregoing to be filed using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael C. Terrell
Michael C. Terrell