UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JEAN POULARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:16 CV 115 |
|  | ) |  |
| THE TRUSTEES OF INDIANA UNIVERSITY, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

This matter is before the court *sua sponte* on the issue of subject matter jurisdiction. "Jurisdiction is the power to declare law, and without it the federal courts cannot proceed." *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876 (7th Cir. 2002) (internal quotation marks omitted). "Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Id*.

This case was originally filed by plaintiff in the Circuit Court of Lake County, Indiana. (DE # 4.) Defendants removed the case to this court pursuant to 28 U.S.C. § 1331, the federal question jurisdiction statute. (DE # 1.) However, following the court's order on the parties' motions for summary judgment (DE # 64), no federal claims remain in the case. Plaintiff's breach of contract claim is the sole remaining claim.

Pursuant to 28 U.S.C. § 1367(a), the court originally had supplemental jurisdiction over the state-law breach of contract claim. But, the supplemental jurisdiction statute provides that the district court "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims

over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The court has broad discretion in making this decision. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012) ("When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims."). Furthermore, there is a "presumption" that courts will relinquish jurisdiction over supplemental state-law claims where the federal claims drop out of the case. *Id.* at 479. "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.*

The Seventh Circuit has identified three situations that may displace the presumption, namely:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Sharp Elecs. Corp v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009).

Regarding the first exception, this suit was originally filed in state court, and was removed, so the statute of limitations is not an issue. (*See* DE # 4.)

Regarding the second exception, the court has devoted few judicial resources to resolving the breach of contract claim. The court examined the claim for the first time in its recent order, devoting two pages to the discussion of the claim. (DE # 64 at 15–16.) As the court discussed in that order, the parties did not submit a signed employment

2

contract for the court to examine, and they disputed which clauses were part of the contract. (*See id.*) Since the contract itself is in dispute, the court has spent no time addressing the merits of whether defendants breached the contract.

Moreover, other than the court's recent order (DE # 64), the orders issued in this case pertain to discovery and procedural matters. *See RWJ Mgmt. Co., Inc.*, 672 F.3d at 481 (affirming relinquishment of jurisdiction where "the extensive pretrial activity was largely attributable to discovery disputes, not the merits of the state-law claims"). The resources devoted to this case are unlike the efforts expended in *Miller Aviation v. Milwaukee County Board of Supervisors*, 273 F.3d 722 (7th Cir. 2001), in which the Seventh Circuit reversed a district court's decision to relinquish jurisdiction where the lower court had held 9 hearings and issued 19 orders, including a 71-page decision. The court has expended relatively few judicial resources, and therefore, there will be no substantial duplication of efforts.

Additionally, the court is not required to retain jurisdiction due to the length of time this case has been under its jurisdiction. Although this case was filed over two years ago, the Seventh Circuit has upheld an order relinquishing jurisdiction "just before trial after five years of discovery." *Olive Can Co., Inc. v. Martin*, 906 F.2d 1147, 1153 (7th Cir. 1990). Moreover, the question of whether or not to retain supplemental jurisdiction did not arise until summary judgment was entered on the federal claims, on September 28, 2018.

For these reasons, the court concludes that the second exception to the presumption does not apply. This is not a relinquishment that would "clearly disserve[ ]" judicial economy. *See Williams Elecs. Games, Inc. v. Garrity*, 479 F. 3d 904, 906 (7th Cir. 2007).

As to the third exception, the court notes, again, that it has not thoroughly examined the merits of the state-law claim, and therefore it is not absolutely clear to this court how the claim will be decided. Therefore, the third exception to the presumption does not apply.

For the foregoing reasons, the court **DECLINES** to exercise supplemental jurisdiction over plaintiff's remaining state-law claim. Plaintiff's remaining claim is **REMANDED** back to state court. The Clerk is directed to return the case to the state court from which it originated.

Date: November 5, 2018

**SO ORDERED.**

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT